IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION



DOCKET NO. 1:11CR13

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CONSENT ORDER AND** |
| v. | ) | **JUDGMENT OF FORFEITURE** |
| | ) | |
| LOHR EBBIE LOVELAND, JR., | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS, the defendant LOHR EBBIE LOVELAND, JR. has been found guilty in a trial by jury of one or more criminal offenses under which forfeiture may be ordered;

WHEREAS, the defendant and the United States stipulate and agree that the property described below constitutes property derived from or traceable to proceeds of the defendant's offense(s) herein; property involved in the offenses, or any property traceable to such property; and/or property used in any manner to facilitate the commission of such offense(s); or substitute property for which under 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e); and is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d), 18 U.S.C. § 982, 18 U.S.C. § 981(a)(1), and/or 28 U.S.C. § 2461(c), provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein;

WHEREAS, the defendant herein waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant;

WHEREAS, pursuant to Federal Rules of Criminal Procedure 32.2(b)(1) & (c)(2), the Court finds that there is the requisite nexus between the property and the offense(s) to which the defendant has been found guilty and that the defendant has a legal interest in the property;

WHEREAS, the defendant withdraws any claim previously submitted in response to an administrative forfeiture or civil forfeiture proceeding concerning any of the property described below. If the defendant has not previously submitted such a claim, the defendant hereby waives all right to do so. If any administrative forfeiture or civil forfeiture proceeding concerning any of the property described below has previously been stayed, the defendant hereby consents to a lifting of the stay and consents to forfeiture;

1

WHEREAS, the undersigned United States District Judge is authorized to enter this Order by the previous Order of this Court No. 3:05MC302-C (September 8, 2005);

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The **following property** is forfeited to the United States:

- Smith & Wesson, 17-4, .22 long caliber revolver, serial # 99K3737;
- Smith & Wesson, 686-3, .357 magnum caliber revolver, serial # BBL4036;
- Browning Arms, .22 long caliber rifle, serial # 04653PW146;
- JG Anschutz, GMPH ULM W. Germany, .22 caliber pistol grip rifle, serial # 1325828P;
- Thompson Center Arms 17HMR rifle barrel;
- Ruger, 10/22 carbine, .22 long caliber rifle, serial # 259-30733, with Simmons scope;
- Stevens, 15-B, .22 caliber rifle, serial # unknown;
- Norinco, 7.62x39 caliber rifle, serial # 9404299;
- Mossberg, 500-A, 12 gauge shotgun, serial # J322687;
- Browning, 12 gauge shotgun, serial # 10279PX211, with two barrels;
- Mossberg 12 gauge barrel, 28 inch with modified choke;
- Three Signal Illumination ground green star cluster, M125A1LOW93FO58-007 (M49A1 surface trip flares);
- Romarm, 7.62x39 caliber rifle, serial # AS-0362-68RO;
- Glock, 19, 9mm caliber handgun, serial # AYZ430US;
- High Standard Sharp Shooter, Sports King 103, .22 long caliber rifle pistol, serial # 2114654;
- Wichita Arms Industry, .22LR caliber pistol, serial # 465;
- Ruger, 10/22, .22 long caliber rifle, serial # 258-63807;
- Ruger, 10/22, .22 long caliber rifle, serial # 259-30733;
- Browning, Belgium made light 12, 12 gauge shotgun, serial # 72G1252;
- Browning, Sweet Sixteen, 16 gauge shotgun, serial # S58848;
- Colt, AR15A2, .223 caliber rifle, serial # SP317018;
- Colt, Match Target Competition, .223 caliber rifle, serial # CJC012030;
- Bushmaster, XM15-E2S, .223 caliber rifle, serial # L175148;
- Bushmaster, XM15-E2S, .223 caliber rifle, serial # L103844;
- Colt, Sporter lightweight, .223 caliber rifle, serial # SL025732;
- Arsenal, SA M-5, 5.56x45 caliber rifle, serial # AN020383;
- Bushmaster, XM15-E2S, .223 caliber rifle, serial # L097353;
- Bushmaster, XM15-E2S, .223 caliber rifle, serial # L080333;
- Bushmaster, XM15-ES2, .223 caliber rifle, serial # L080484;
- Rapid-Fire Browning,1919, .308 caliber rifle, serial # 1549;
- Rapid-Fire, 7.62 caliber machine gun, serial # unknown;
- Professional Ordnance, Carbon 15, 5.56 caliber pistol, serial # B24789, with magazine;
- Glock, 19-23, .22 caliber conversion pistol, serial # unknown;
- Colt, 125th Anniversary, .45 caliber pistol, serial # 5919A in brown wooden box;

- Smith & Wesson, .38 Special caliber revolver, serial # R175308;
- Charter Arms, AR7 Explorer, .22 caliber rifle, serial # A125976 (One black shiny stock);
- High Standard, Supermatic, .22 long caliber rifle, serial # 374232;
- Thompson Center Arms .44 rim barrel with Leopold scope;
- Sturm Ruger, Security Six, .357 Magnum caliber revolver, serial # unknown;
- Bushmaster, XM15-E2S, .223 caliber rifle, serial # L121596;
- Smith & Wesson, Air Lite, .357 caliber revolver, serial # CJV5466;
- Thompson Center Arms, disassembled rifle, serial # 387127;
- Green box containing approximately 364 assorted rounds of ammunition (including 12 gauge, 16 gauge, and 20 gauge shotgun shells);
- Green box containing approximately 460 assorted rounds of ammunition (including 12 gauge, 16 gauge, and 20 gauge shotgun shells and slugs);
- Green box containing approximately 100 rounds of .50 caliber ammunition;
- Green box containing approximately 100 rounds of .50 caliber ammunition;
- Green box containing approximately 70 rounds of .50 caliber ammunition;
- Green box containing approximately 254 rounds of assorted ammunition;
- Green box containing approximately 720 rounds of assorted ammunition;
- Green box containing approximately 858 rounds of assorted ammunition;
- Green box containing approximately 2027 rounds of assorted ammunition;
- Green box containing approximately 1084 rounds of assorted ammunition;
- Evidence bag containing approximately 51 rounds of .223 caliber ammunition;
- Box containing approximately 1255 rounds of assorted ammunition;
- Small brown box containing approximately 575 rounds of assorted ammunition;
- Brown box of approximately 600 rounds of assorted ammunition (including 12 gauge, 16 gauge, 20 gauge, and 44spl shells);
- White box containing approximately 99 boxes of Gold Tiger 7.62x39 caliber ammunition;
- Three star clusters.

The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property.

If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of this forfeiture.

As to any firearms and/or ammunition listed above and/or in the charging instrument, defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion, deem to be legally sufficient, and waives any and all right to further notice of such process or such destruction.

Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court

for a hearing to adjudicate the validity of the alleged interest.

Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered, as provided by Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

SO AGREED:

_____
DON GAST
Assistant United States Attorney

_____
LOHR EBBIE LOVELAND, JR.
Defendant

_____
ANDREW B. BANZHOFF
Attorney for Defendant


Signed this the __1__ day of _November_, 2011.

_____
MARTIN REIDINGER
UNITED STATES DISTRICT JUDGE

4