# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:11-cr-00013-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>LOHR E. LOVELAND, JR., )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's Motion to Terminate Supervised Release [Doc. 90] and the Motion to Seal Memorandum in Support of Motion for Early Termination of Supervised Release [Doc. 92].

Upon review of the Defendant's motion, the Court is satisfied that the early termination of the Defendant's supervised release is warranted by the Defendant's conduct and is in the interest of justice. See 18 U.S.C. § 3583(e)(1). The Defendant has paid his $10,000 fine in full and has complied with all of his conditions of supervised release during the 20 months he has been under supervision. Additionally, the Defendant has once again become a productive member of society, volunteering with various civic organizations

in his community and operating a small business. For all of these reasons, the Court concludes that early termination of supervised release is warranted.

The Defendant moves to file the memorandum filed in support of his motion for early termination under seal. [Doc. 92]. For grounds, the Defendant states that the memorandum contains confidential financial information regarding the Defendant and his company. Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on March 25, 2015, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendant has demonstrated that the memorandum contains sensitive financial information concerning the Defendant and his company and that the public's right of access to such information is substantially outweighed by the competing interest in

2

protecting the details of such information. Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing of the document is necessary to protect the Defendant's privacy interests.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's motion [Doc. 90] is **GRANTED**, and the Defendant's term of supervised release is hereby terminated.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Seal Memorandum in Support of Motion for Early Termination of Supervised Release [Doc. 92] is **GRANTED**, and the Defendant's Memorandum [Doc. 91] shall remain under seal pending further Order of this Court.

The Clerk of Court is directed to provide copies of this Order to counsel for the Defendant, counsel for the Government, and United States Probation Officer Valerie Debnam.

**IT IS SO ORDERED.**   Signed: April 8, 2015

Martin Reidinger
United States District Judge